COUNTIES – CHARTER HOME RULE COUNTIES – HIGHWAYS –
AUTHORITY OF BALTIMORE COUNTY TO SET
CONSTRUCTION STANDARDS FOR PRIVATELY OWNED ROAD

March 25, 1994

*The Honorable Louis L. DePazzo*
*House of Delegates*

You have requested our opinion concerning the authority of
Baltimore County to require a subdivision developer to meet county
construction standards for a road that is to be conveyed by the
developer to a homeowners' association. For the reasons given
below, we conclude that Baltimore County may impose this
requirement.

I

**Statutory Authority**

Baltimore County is a "home rule" charter county under Article
XI-A of the Maryland Constitution. As such, it may exercise local
legislative power as granted by Article 25A, §5 of the Maryland
Code, the Express Powers Act. Included in the Act's list of
enumerated powers is the power "[t]o enact local laws enabling the
county council to adopt from time to time ... ordinances or
amendments ... for the protection and promotion of public safety,
health, morals, comfort and welfare, relating to ... the location,
construction, repair and use of streets and highways ...." Article
25A, §5(T). *See also* Article 25A, §5(K) (power "to regulate the
opening of street surfaces") and 5(S) (grant of police power).

Pursuant to the Express Powers Act, Baltimore County enacted
§31-1 of the County Code, which begins with a broad reservation to
the county of "full charge and control over all county roads, streets,
... highways ... and all matters pertaining thereto." Paragraph (4) of
this section goes on to provide as follows:

> The county shall have full power and authority
> to open, close, plan, construct, maintain,
> repair, improve, protect, preserve, alter,
> relocate, straighten, widen, rebuild and in
> general control all ... roads (*whether or not
> taken as county roads*) ... as may be deemed
> necessary or advisable ....

(Emphasis added). In a similar vein, §26-263 of the County Code, part of the county's subdivision regulations, requires that "[p]roposed streets must conform to adopted county standards for design and construction ...." Finally, §31-46 requires a permit from the director of public works before anyone may "open, grade, pave, or establish any avenue, street, alley, road, or way within the limits of the county ...."

## II

### Limits on Power of Charter Counties

Despite the broad power of home rule jurisdictions, "state law may pre-empt local law in one of three ways: 1) pre-emption by conflict, 2) express pre-emption, or 3) implied pre-emption." *Allied Vending, Inc. v. City of Bowie,* 332 Md. 279, 297-98, 631 A.2d 77 (1993). The doctrine of concurrent powers, on the other hand, enables the State and local jurisdictions to legislate concurrently on a subject matter covered by the Express Powers Act, if the General Assembly has not expressly or impliedly preempted the subject matter and if there is no conflict between the local law and the public general law. 63 *Opinions of the Attorney General* 377, 388 (1978). As to the possibility of conflict, "[w]hen a state law simply excludes a particular activity from its coverage our cases have not attributed to the General Assembly an intent to preempt local legislation regulating or prohibiting that activity. Instead, in such situations supplementary local legislation has not been deemed to be in conflict with and preempted by the state statute." *Coalition for Open Doors v. Annapolis Lodge No. 622*, 333 Md. 359, 380 635 A.2d 412 (1994).

Section 8-204(c) of the Transportation ("TR") Article, Maryland Code, provides that the State Highway Administration ("SHA") "shall determine and may change from time to the location, construction, geometries, design, and maintenance of the State highway system."[1]  Further, TR §8-204(i) provides that SHA "shall plan, select, construct, improve and maintain the State highway system."  A prior opinion concluded that "[u]nder these provisions, SHA has jurisdiction over, and the right to improve and maintain, all public highways that are part of the State highway system ....  This grant of authority is plainly intended to vest in SHA sole decisionmaking authority concerning State highways." 71 *Opinions of the Attorney General* 400, 401 (1986).

Nonetheless, SHA's authority to regulate highways is not intended to preempt regulation of all highways. TR §8-633 provides that SHA generally has no "duties, responsibilities, or powers with respect to the construction, reconstruction, or maintenance of any highways except State highways."  This provision reflects a legislative intention that counties regulate county highways within their jurisdictions.[2]  In 71 *Opinions of the Attorney General*  401, Attorney General Sachs was asked whether a municipality had the authority to install speed bumps on State highways in the municipality.  Answering in the negative, the Attorney General opined that while a municipality had no authority to install speed bumps on State highways in the municipality, the municipality could exercise its police powers by installing speed bumps on its *own* streets and highways. 71 *Opinions of the Attorney General* at 404. *Cf. Tadjer v. Montgomery County*, 300 Md. 539, 548, 479 A.2d 1321 (1984) (duty to maintain streets and highways in a reasonable safe condition is major exception to immunity from suit of Maryland counties and municipalities, implying that counties and municipalities have control over streets and highways within their jurisdictions). *See also Montgomery County v. Voorhees*, 86 Md. App. 294, 301, 586 A.2d 769 (1991).

---

[1] "State highway system" is defined as "the system of State-owned primary and secondary highways throughout this State." TR §8-101(q). A State highway is "any public highway owned by this State." §8-101(p).

[2] "County highway" is defined as "any public highway ... (2) That is not a State highway or located in Baltimore City."  §8-101(f).

In *County Council v. Lee,* 219 Md. 209, 148 A.2d 568 (1959), the Court of Appeals addressed an issue similar to the one that you present. The Court considered the authority of Montgomery County to require a real estate developer to obtain an easement for drainage as a precondition to issuance of a county permit to pave a private road. The Court concluded that "the County ... has full power and authority – conferred upon it by [a provision of the County Code] – to regulate the extent and character of the improvements contemplated by the grading and construction of streets and roads by 'private' persons for their own benefit. Moreover, the right to grant or withhold its permission for the paving of [the road] carries with it the right to prescribe reasonable terms and conditions upon which the permit would issue ...." 219 Md. at 215.

We conclude that Article 25A, §5(K), (S), and (T) permit Baltimore County to regulate the streets, roads, and highways within the county (other than State highways). The power conferred by these sections necessarily includes the authority to prescribe reasonable terms and conditions upon which the privilege – that is, the entitlement to construct a road – would issue. *See Mayor of Annapolis v. Annapolis Waterfront Co.*, 284 Md. 383, 391, 396 A.2d 1080 (1979) ("when ordinances are enacted in pursuance of competent authority, they should be upheld by every reasonable intendment, and reasonable doubts as to the validity of an ordinance should be resolved in its favor").

In addition, the county has express authority "to enact local laws for the protection and promotion of public safety, health, morals, and welfare, relating to zoning and planning ...," in furtherance of State policy that "the orderly development and use of land and structures requires comprehensive regulation ...." Article 25A, §5(X)(1) and (2). The requirement that a developer meet certain standards in constructing a road, be it public or private, certainly is related to the health, comfort, and convenience of citizens of the county. *See Aspen Hill Venture v. Montgomery County Council*, 265 Md. 303, 310, 289 A.2d 303 (1972); *Baltimore v. Cohn*, 204 Md. 523, 530, 105 A.2d 482 (1954).

## III

## Conclusion

In summary, it is our opinion that Baltimore County has the authority to require a subdivision developer to meet county construction standards for a road that is to be conveyed by the developer to a homeowners' association.

J. Joseph Curran, Jr.
*Attorney General*

Kimberly Smith Ward
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*